## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

MGPI PROCESSING, INC.,

     **Plaintiff,**

     **v.**                                  **Case No. 14-2634-CM-GLR**

PENFORD CORPORATION,

     **Defendant.**

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Amend Scheduling Order and Extend the Deadline for Amended Pleadings (ECF 44).  The motion asks the Court to modify the Scheduling Order by extending to January 15, 2016, the deadline for motions to amend the pleadings.  Defendant opposes the motion, arguing that Plaintiff violated D. Kan. Rule 37.2 by not conferring with Defendant's counsel before filing the present motion and that Plaintiff failed to show good cause under Fed. R. Civ. P. 16(b)(4).

Defendant claims Plaintiff violated D. Kan. Rule 37.2, which imposes upon parties a duty to make a reasonable effort to confer before filing a motion related to a discovery dispute. Plaintiff points out the instant motion is not a discovery motion.  The Court agrees.  The motion before the Court is a motion to amend the scheduling order—not a discovery motion under Fed. R. Civ. P. 26 through 37.  While the reasoning behind Plaintiff's motion to amend the scheduling order involves discovery procedures (discovery leading to new potential causes of action previously unknown to Plaintiff), it is not a discovery motion.  If Plaintiff failed to confer before filing the instant motion, D. Kan. Rule 37.2 is nevertheless inapplicable.

Defendant also argues Plaintiff has failed to demonstrate good cause, pursuant to Fed. R. Civ. P. 16(b)(4).  Under Rule 16(b)(4), a court's scheduling order may only be modified "for

good cause and with the judge's consent." Without a showing of good cause for an untimely

deposition, the proposed deponent is generally entitled to protection against the deposition.[1]

"Good cause, within the meaning of Fed. R. Civ. P. 16(b), primarily considers the diligence of

the party seeking to alter the existing schedule."[2] To establish good cause under Rule 16(b), the

moving party must show that "it could not have reasonably met the scheduled deadline[]" even

had it acted with due diligence.[3] This compels more than showing "excusable neglect, as to

which simple inadvertence or mistake of counsel or ignorance of the rules usually does not

suffice."[4] Neither an absence of prejudice nor carelessness provides a basis for finding good

cause.[5] The movant "is normally expected to show good faith on its part and some reasonable

basis for not meeting the deadline."[6] Whether a party has established good cause to modify a

deadline under Rule 16(b)(4) lies within the court's discretion.[7]

The Court finds Plaintiff has demonstrated good cause. This is a complex patent case.

Both parties have provided discovery on a rolling basis. Accordingly, each party has asked for

four—each one unopposed—extensions of time in which to file a motion to compel with respect

to that discovery. Given the designations of discovery,[8] Plaintiff would have needed additional

time to consult outside experts on the discovery that was provided. Such additional time also

happened to fall around major holidays. Identifying whether additional causes of action are in

---

[1] *Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262-KHV, 1999 WL 66216, at *1 (D. Kan. Feb. 8, 1999).

[2] *Id.* (quoting *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[3] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (quoting *Deghand*, 904 F. Supp. at 1221).

[4] *Id.* (quoting *Broitman v. Kirkland (In re Kirkland )*, 86 F.3d 172, 175 (10th Cir. 1996)).

[5] *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Kan. 1998).

[6] *Deghand*, 904 F. Supp. at 1221.

[7] *See Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

[8] The Court makes no findings as to any discovery issues. So far, the parties appear to be conferring on discovery issues pursuant to D. Kan. Rule 37.2.

fact viable can indeed reasonably require time.  In the Court's eyes, Plaintiff has adequately shown why it could not reasonably have met the previous deadline of December 15, 2015. Defendant provides no evidence that Plaintiff has not been diligent in analyzing discovery to determine the possibility of additional, potential causes of action.

Moreover, Plaintiff's requested relief in the instant motion was a thirty-day extension of time to file a motion for leave to amend and the proposed amended complaint.  Plaintiff filed its motion and proposed amended complaint on January 15, 2016, within the thirty-day extension. After filing its response, Defendant joined Plaintiff's motion to extend the mediation deadline, which the Court granted.  (ECF 54.)

For the foregoing reasons the Court grants the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Motion to Amend Scheduling Order and Extend the Deadline for Amended Pleadings (ECF 44) is granted.  The Court modifies the Scheduling Order to extend to January 15, 2016, the deadline for motions to amend the pleadings.

Dated January 21, 2016, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge